UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID PAUL SAVOIE | * | CIVIL ACTION |
| VERSUS | * | NO. 23-799 |
| GARDEN DOVE, JR. ET AL. | * | SECTION "D" (2) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff David Paul Savoie filed his Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on March 13, 2023.  ECF Nos. 4-5 (replacing deficient filings at ECF Nos. 1-2).  Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 6.  This March 20, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim, on or before Wednesday, May 17, 2023, in accordance with 28 U.S.C. § 1915(e)(2). Plaintiff timely filed Responses to the Order to Show Cause on May 5, 2023 and May 17, 2023. ECF Nos. 7, 9.

I.     **PLAINTIFF'S CLAIMS**

Plaintiff filed suit alleging medical malpractice by physicians at Neuroscience Center Southeast and South Louisiana Medical Hospital. ECF No. 4-1 at 4.  Plaintiff also named as Defendants Gordon Dove (Terrebonne Parish President) and South Central Louisiana Human Services Authority (state agency). *Id*. at 2-3.  As Plaintiff asserts only medical malpractice claims and his Complaint, on its face, does not reflect a colorable claim arising under federal law as necessary to support federal question jurisdiction under § 1331, the Court ordered him to show cause why his Complaint should not be summarily dismissed for lack of subject matter jurisdiction.

ECF No. 6. Savoie was required to file a written statement setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim. *Id.*

In his Response to the Court's Show Cause Order, Plaintiff indicates that he filed suit in federal court after attempting to obtain legal representation for his medical malpractice claims without avail. ECF Nos. 7 at 1. Plaintiff also asserts that there is federal subject matter jurisdiction over his claims because they occurred in a state building. *Id*. at 2. In his Supplemental Response, Savoie lists (1) "FEMA- I did not get anything for disaster," (2) "Chase Bank," and (3) "My rehab and hard ship [sic] and some of my dreams. . . ." ECF No. 9 at 1. Savoie also appears to attach various journal entries, to-do lists, rehabilitation certificates of completion, colon cancer screening kits, shipping labels, and his original COVID-19 vaccination record card. *See generally* ECF Nos. 9-1, 9-2.

II. **APPLICABLE LAW AND ANALYSIS**

A. **Statutorily Mandated Review**

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

defendant who is immune."[3]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

### B. <u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[5]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[6]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[7]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[8]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[9]

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded

---

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[5] *Avitts v. Amoco Prod. Co*., 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[6] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[7] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[8] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[9] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[10]

### C. Analysis

Neither Plaintiff's Complaint nor his responses to the Show Cause Order serve to establish this Court's subject matter jurisdiction over his claims under § 1331. Plaintiff has failed to indicate which specific statutes, treaties and/or provisions of the United States Constitution are at issue in this case. Although he names a local government official and a state agency as Defendants, his medical malpractice claims do not suffice to support a 42 U.S.C. § 1983 civil rights claim against state actors or entities for deprivation of any rights, privileges, or immunities secured by the Constitution or federal law.[11] Further, the other Defendants are private, Louisiana business entities: Defendant South Louisiana Medical Associates is registered with the Louisiana Secretary of State as a business corporation, and Defendant Southeast Neuroscience Center is registered as a Louisiana limited liability company.[12] Plaintiff's Complaint therefore fails to assert colorable claims arising under federal law, as necessary to support federal jurisdiction under § 1331.

### III. CONCLUSION

Plaintiff's Complaint lacks any basis for this Court's exercise of subject matter jurisdiction over his medical malpractice claims. While Savoie filed Responses to the Court's Show Cause Order, his Responses likewise fail to establish any basis for federal question jurisdiction. The

---

[10] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

[11] *See Adkins v. Koduri*, 755 F. App'x 751, 753 (10th Cir. 2018) (a "medical malpractice [claim], without more, is not a constitutional violation but is instead a state law claim.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976) (the proper forum for medical malpractice claims is state court, not federal court in a § 1983 action)); *see also Smith v. Faucheux*, 194 F.3d 1308 (5th Cir. 1999) (affirming dismissal of case for lack of subject matter jurisdiction where all parties were domiciled in Louisiana and plaintiff's "attempts to establish some sort of federal question in her brief [were] devoid of merit" because "essentially, her claims boil down to a simple medical malpractice case.") (citing 28 U.S.C. § 1331).

[12] Louisiana Secretary of State, *Business Filings Search* (last visited Mar. 17, 2023), https://www.sos.la.gov/BusinessServices/SearchForLouisianaBusinessFilings/Pages/default.aspx.

Complaint, therefore, must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### ORDER

**IT IS ORDERED** that the Clerk of Court return Plaintiff's COVID-19 Vaccination Record Card (ECF No. 9-1 at 23) to his address of record via U.S. Mail.

### NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[13]

New Orleans, Louisiana, this __30th__ day of May, 2023.

*[signature]*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[13] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).